UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARY DEAN STRONER, #01777671, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:16-CV-2772-B-BK |
| | § | |
| LORIE DAVIS, Director, | § | |
| TDCJ-CID, | § | |
| Respondent. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND DENYING CERTIFICATE OF APPEALABILITY

The United States magistrate judge issued *Findings, Conclusions and Recommendation* in this case. Petitioner filed *Objections*, and the Court has made a *de novo* review of those portions of the proposed *Findings, Conclusions and Recommendation* to which objection was made. The *Objections* are overruled.

With his first and second objections, Petitioner includes requests that are not objections at all. By the first, Petitioner requests a copy of an unpublished opinion, which was cited in the *Findings, Conclusions and Recommendation*. Doc. 35 at 6. The request is denied.[1] By the second, Petitioner belatedly requests the appointment of an investigator to assist in his search for an expert. Doc. 35 at 11. That request is also denied.

Contrary to Petitioner's assertions in his third objection, Doc. 35 at 15, the record supports the magistrate judge's conclusion that the trial court (1) overruled defense counsel's objection regarding the number of officers in the court room, citing "a security issue," (2) moved

---

[1] The unpublished opinion is available on Lexis. *See Hearn v. Cockrell*, No. 02-10913, 2003 U.S. App. LEXIS 28189, at *14 (5th Cir. Jun. 23, 2003) (per curiam).

one of the officers to the other side of the courtroom, (3) noted that there were three uniformed officers in the courtroom and one non-uniformed officer who was in charge of the jury, and (4) explained that it had requested the extra security when counsel asked that Petitioner be permitted to testify without shackles. Indeed, the Court stated the following outside of the presence of the jury:

> THE COURT: I'll overrule those objections but I will move one of the officers to the other side of the courtroom.
> . . .
>
> THE COURT: Let the record reflect there's three uniformed officers and one non-uniformed officer and -- who's in charge of the jury. And the extra security was asked for by the Court since you made the request to have your client testify without shackles. And since -- it's a security issue, so your objections are overruled.

Doc. 18-7 at 6-7.

For the reasons stated by the magistrate judge, the Court finds that Petitioner has failed to demonstrate that the state court's decision rejecting his ineffective-assistance claims was an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d). Accordingly, the Court **ACCEPTS** the Findings, Conclusions and Recommendation of the United States Magistrate Judge.

**IT IS THEREFORE ORDERED** that the petition for writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Sections 2254 and 2255 Proceedings for the United States District Court, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions

and Recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[2]

If petitioner files a notice of appeal,

( ) petitioner may proceed *in forma pauperis* on appeal.

(X) petitioner must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

SO ORDERED this 27th day of September, 2018.

 JANE J. BOYLE
 UNITED STATES DISTRICT JUDGE

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Proceedings reads as follows:
**(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.